

CBG

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 5, 1950

Hon. Orvan B. Jones            Opinion No. V-1080.
County Attorney
Cherokee County            Re:  Construction of Article
Rusk, Texas                     432, Penal Code, as
                                amended by H. B. No. 508,
                                Acts 51st Leg., R.S.,
                                1949, ch. 126, p. 227

Dear Sir:

Your request for an opinion, in part, reads as follows:

"Since I am unable to answer the question hereinafter propounded to my own satisfaction, I am requesting that you render an opinion on such question which arises from the fact situation below stated:

Facts:
We have a teacher in a common school district who has taught continuously therein for the past four years. Said teacher has annually executed a contract for one year for each school year heretofore, and her present contract expires upon the expiration of the current school year. On April 1, 1950, a trustee who is the son of a half-brother to the grandfather of said teacher was elected and subsequently qualified for the office.

Question:
Can a board of trustees of a common school district legally re-elect a teacher who has been continuously employed as a teacher in said school for more than two years, said teacher being the granddaughter of a half-brother to the father of a newly elected and qualified trustee on said board?"

The answer to your question is controlled by the provisions of Article 432, Penal Code, as amended by House Bill No. 508, Acts 51st Leg., R.S., 1949, ch. 126, p. 227, from which we quote as follows:

"Article 432.  Nepotism

"No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of this
State, or any officer or member of any State,
district, county, city, school district or other
municipal board, or judge of any court, created
by or under authority of any General or Special
Law of this State, or any Member of the Legisla-
ture, shall appoint, or vote for, or confirm the
appointment to any office, position, clerkship,
employment or duty, of any person related within
the second degree by affinity or within the third
degree by consanguinity to the person so appoint-
ing or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a mem-
ber, when the salary, fees, or compensation of
such appointee is to be paid for, directly or in-
directly, out of or from public funds or fees of
office of any kind or character whatsoever, pro-
vided, that nothing herein contained shall prevent
the appointment, voting for, or confirmation of
any person who shall have been continuously em-
ployed in any such office, position, clerkship,
employment or duty for a period of two (2) years
prior to the election or appointment of the offi-
cer or member appointing, voting for, or confirm-
ing the appointment of such person to such office,
position, clerkship, employment or duty.

"Sec. 2.  All laws and parts of laws in con-
flict herewith are hereby repealed."  (Emphasis
added)

All the provisions of Article 432 have been brought
forward, word for word, in House Bill 508.  The only change
made in this article by the amendment is contained in the pro-
viso hereinbefore emphasized by us.

The prohibitory provisions contained in Article 432,
both prior and subsequent to the amendment of this Article by
House Bill 508, first became a law March 9, 1909.  (Acts 31st
Leg., R.S., 1909, ch. 40, p. 85).  Since that time this office
has consistently held they prohibited a board of school trus-
tees from employing a teacher related within the second degree
by affinity or within the third degree by consanguinity to any
member of the board, when the salary of the teacher is to be

paid directly or indirectly from public funds. This long continued construction of these provisions applies to them as they appear in this Article as it now reads, except in so far as the exception contained therein makes it inapplicable to the specific factual situation therein defined.

The facts submitted by you, as we understand them to be, may be briefly summarized as follows:

A lady teacher has been continuously employed by the board of trustees of a common school district for the past four years, including the current school year ending August 31, 1950, at which time her present contract will expire. On April 1, 1950, a new trustee was elected in this district and has qualified in the manner prescribed by law.

In view of these facts, it is our opinion the board of trustees comes within the exception contained in Article 432, as amended by House Bill 508, and may legally re-elect this lady as a teacher.

## SUMMARY

A board of trustees of a common school district may legally re-elect a teacher who has been continuously employed as a teacher in the district for two or more years prior to the election of a member of the board related to the teacher within the third degree by consanguinity. Art. 432, P.C., as amended by H.B. 508, Acts 51st Leg., R.S. ch. 126, p. 227.

APPROVED:

C. K. Richards
Trial & Appellate Division

Joe R. Greenhill
First Assistant

Price Daniel
Attorney General

BWB:wb

Yours very truly,

PRICE DANIEL
Attorney General

By
  Bruce W. Bryant
  Assistant